IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL R. LITTLE, et al., :
    Plaintiffs : CIVIL NO. 1:14-CV-00953
 :
v. : (Judge Kane)
 :
B. MOTTERN, et al., :
    Defendants :

## MEMORANDUM

Plaintiffs Michael R. Little and Kareem H. Milhouse, inmates confined at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"), filed the instant civil rights complaint pro se pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Currently pending before the court is Plaintiff Milhouse's motion for leave to proceed in forma pauperis, as well as a motion for an emergency injunction filed by Plaintiff Milhouse concerning the conditions of his confinement. (Doc. Nos. 18, 110.) For the reasons set forth below, the motions will be denied.

### I.    Relevant Background

On October 7, 2014, this court entered an order granting Plaintiff Little's motion to proceed in forma pauperis and Plaintiffs' joint motion to amend the complaint. (Doc. No. 38.) That same order also recognized that Plaintiff Milhouse has had three prior actions dismissed as frivolous, malicious, or for failing to state a viable claim. (Id. at 3 (citing Milhouse v. Sage, et al., Civil No. 1:14-CV-1055 (M.D. Pa. Aug. 18, 2014). Thus, Milhouse can only proceed in forma pauperis if he is "in imminent danger of serious physical injury" at the time of the filing of the complaint. 28 U.S.C. § 1915(g); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312–13 (3d Cir. 2001). Because of this, this court also ordered Defendants to respond to Milhouse's

allegations of imminent danger in order for this court to determine whether he may proceed in forma pauperis. (Doc. No. 38 at 3-4.) Defendants filed a response to his request, and also filed a motion requesting a stay of litigation while this court determined whether to grant Milhouse leave to proceed in forma pauperis, which this court granted. (Doc. Nos. 52, 74, 79.)

Plaintiff Milhouse has since filed a "motion for emergency injunction," requesting that this court order him transferred to another facility because the prison officials at USP-Lewisburg "cannot keep Plaintiff safe" and have "failed to honor Plaintiff['s] request to cell alone." (Doc. No. 110.) This court will first examine the issue of whether Milhouse was under imminent danger at the time of filing of the instant complaint before examining his motion for emergency injunction.

## II. Analysis

### A. Whether Milhouse Was Under Imminent Danger of Serious Physical Injury

In his application to proceed in forma pauperis, Milhouse claimed that he was under imminent danger of serious physical injury because a guard called him a "snitch" within earshot of other inmates, which resulted in the other inmates threatening him. (Doc. No. 18.) USP-Lewisburg staff initially learned of this alleged incident in a letter from the Lewisburg Prison Project stating that Milhouse claimed not only that he was called a snitch, but that a prison officer had assaulted him. (Doc. No. 52 at 7.) Milhouse later claimed that he did not notify any staff at the time of the incident because it was a staff member who was at fault. (Id.) Milhouse was referred to several medical appointments since then in which no injuries were found. (Id. at 7–8.) USP-Lewisburg staff also referred this incident to the Office of Inspector General (OIG), who found that the allegations were unsubstantiated. (Id. at 8; Doc. No. 55 at 1.) Shortly after

their investigation, OIG staff also discovered a note that appeared to be in Milhouse's handwriting directing other inmates to file false claims against staff members. (Doc. No. 52 at 7–8; Doc. No. 55 at 1–2.)

As both Milhouse's medical records and the OIG's own investigation do not support any of Milhouse's claims, it is apparent that Milhouse was not under imminent danger of serious physical harm at the time of the filing of the initial complaint. This court similarly finds it extremely unlikely that Milhouse is now under imminent danger, and will thus deny his pending motion for emergency injunction. See, e.g., Rush v. Correctional Medical Services, Inc., 287 F. App'x 142, 143 (3d Cir. 2008) ("A preliminary injunction is an extraordinary remedy that should be granted only if . . . denial will result in irreparable harm to the plaintiff. . .") (quoting NutraSweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999)).

## III.   Conclusion

For the foregoing reasons, this court will deny both the pending motion for leave to proceed in forma pauperis and the motion for emergency injunction. An appropriate order will issue.