**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL L. LITTLE, et al.,** | : | |
| | : | |
| **Plaintiffs** | : | **No. 1:14-CV-00953** |
| | : | |
| **vs.** | : | **(Judge Kane)** |
| | : | |
| **B. MOTTERN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

<u>**MEMORANDUM**</u>

<u>**Background**</u>

Plaintiffs Michael R. Little and Kareem H. Milhouse,
inmates confined at the United States Penitentiary at Lewisburg,
Pennsylvania ("USP-Lewisburg"), filed the instant civil rights
complaint pro se pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six
Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388
(1971).  Currently pending before the court filed by Plaintiff
Little are what purport to be a motion for temporary restraining
order and/or a preliminary injunction pursuant to Rule 65(a) and
(b) of the Federal Rules of Civil Procedure, a motion for "All
[of] Little's Exhibits," a declaration by Little regarding the
motion for temporary restraining order, and a brief in support of
the motions. Docs. 67, 68, 69 & 70.  A brief in opposition to
Little's motions was filed by the Defendants on December 22, 2014.

Doc. 73.  Little did not file a reply brief.[1]  For the reasons set forth below the court will deny Little's motions.

**Discussion**

The standard for deciding a motion for a temporary restraining order is the same as the test for ruling on a motion for a preliminary injunction.  <u>Bieros v. Nicola</u>, 857 F. Supp. 445, 446 (E.D. Pa. 1994).  Preliminary injunctive relief is extraordinary in nature, and is discretionary with the trial judge.  <u>Orson, Inc. v. Miramax Film Corp.</u>, 836 F. Supp. 309, 311 (E.D. Pa. 1993) (citing <u>Skehan v. Board of Trustees of Bloomsburg State College</u>, 353 F. Supp. 542 (M.D. Pa. 1973)).  In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors:  (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the conduct complained; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest.  <u>S & R Corp. v. Jiffy Lube Int'l, Inc.</u>, 968 F.2d

_____

1.  The motions report states that a reply brief was filed on February 5, 2015. However, the only documents filed on that date were from Milhouse and do not refer to Little's motions.

371, 374 (3d Cir. 1992) (citing <u>Hoxworth v. Blinder,</u>

<u>Robinson & Co.</u>, 903 F.2d 186, 197-98 (3d Cir. 1990));

<u>Instant Air Freight v. C.F. Air Freight, Inc.</u>, 882 F.2d 797,

800 (3d Cir. 1989); <u>Premier Dental Prods. Co. v. Darby</u>

<u>Dental Supply Co.</u>, 794 F.2d 850, 852 (3d Cir.), <u>cert.</u>

<u>denied</u>, 479 U.S. 950 (1986).  It is the moving party that

bears the burden of demonstrating these factors.  <u>See</u>

<u>Dorfman v. Moorhous</u>, No. Civ. A. 93-6120, 1993 WL 483166 at

*1 (E.D. Pa., Nov. 24, 1993).

Perhaps the most important prerequisite for the

issuance of a preliminary injunction is a demonstration that

if it is not granted, the applicant is likely to suffer

irreparable harm before a decision on the merits can be

rendered.  <u>Continental Group, Inc. v. Amoco Chems. Corp.</u>,

614 F.2d 351, 356 (3d Cir. 1980); <u>see</u> Wright & Miller,

<u>Federal Practice and Procedure: Civil</u> Sec. 2948 at 431

(1973).  The Third Circuit Court of Appeals has defined

irreparable injury as "potential harm which cannot be

redressed by a legal or equitable remedy following a trial."

<u>Instant Air Freight</u>, 882 F.2d at 801.  A court may not grant

preliminary injunctive relief unless "[t]he preliminary

injunction [is] the only way of protecting the plaintiff

from harm."  <u>Id.</u> The relevant inquiry is whether the party

moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued.  SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

Clearly, speculative injury does not constitute a showing of irreparable harm.  Continental, 614 F.2d at 359; see also Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st Cir. 1987).  "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."  Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)).

All of the documents filed by Little are handwritten in a small, rambling, mostly indecipherable script.  He intersperses his documents with legalese, case citations and vague references to harassment and threats, and a risk of being assaulted. It appears that Little primarily is complaining about his fear of assault by other inmates housed at USP-Lewisburg.  However, the court discerns no allegations which rise to the level of an imminent threat of harm from other inmates.  In fact, an administrative remedy response from the Warden of USP-Lewisburg which was filed as an exhibit by Little states in pertinent part as follows:

> This is in response to your Request for Administrative
> Remedy received November 18, 2014, wherein you claim
> the staff failed to address your request to be separated
> from all D.C. inmates and released from federal custody
> due to threats against you at U.S.P. Lewisburg.  For
> relief you request everyone be terminated from
> employment.
>
> A review of this matter has been conducted and this
> issue was addressed multiple times including your
> informal resolution responses dated May 17, 2014, and
> October 30, 2014, and your administrative remedy
> response dated June 4, 2014.  Staff members take the
> safety and security of inmates seriously.  All inmates
> are screened for compatibility prior to placement in
> any cell or recreation group.  At no time were you
> placed in a cell or recreation area with inmates that
> you have separations from.  Furthermore, you were
> involved in an assault on October 17, 2014, and in this
> instance you were walked in front of the recreation
> pen in clear view of all inmates within the pen and at
> no time did you make any effort to inform staff of an
> issue before you were placed in the sallyport or the
> inner door was opened.

Doc. 71, p.7. It is abundantly clear that plaintiff has not shown

that he deserves preliminary injunctive relief according to the

pertinent legal standards outlined above.  Initially, Little has

not made a strong showing that he is likely to prevail on the

merits.

It is well-settled that a prisoner has no justifiable

expectation that he will be incarcerated in a particular prison.

Olim v. Wakinekona, 461 U.S. 238 (1983).  In Montanye v. Haymes,

427 U.S. 236, 242 (1976), the Supreme Court held that the

Fourteenth Amendment's Due Process Clause does not require a

hearing in connection with a transfer whether or not it is the

result of the inmate's misbehavior or may be labeled as

disciplinary or punitive.  The inmate in <u>Montanye</u> had been removed

from his position as inmate clerk in the law library.  <u>Id.</u> at 237.

Shortly thereafter, he was transferred to another institution

after he was caught circulating a petition to a federal judge

signed by eighty-two other prisoners protesting the inmate's

removal from his position. <u>Id.</u> at 237-38.  The Court stated that

"[a]s long as the conditions or degree of confinement to which the

prisoner is subjected is within the sentence imposed upon him and

is not otherwise violative of the Constitution, the Due Process

Clause does not in itself subject an inmate's treatment by prison

authorities to judicial oversight."  <u>Id.</u> at 242.

        With respect to federal prisoners, the Bureau of Prisons

has the power, pursuant to 18 U.S.C. § 3621(b), to "transfer a

prisoner from one facility to another at any time."  <u>Prows v.</u>

<u>Federal Bureau of Prisons</u>, 981 F.2d 466, 469 n.3 (10th Cir. 1992),

<u>cert. denied</u>, 510 U.S. 830, 114 S. Ct. 98 (1993); <u>Cardenas v.</u>

<u>Wigen</u>, 921 F. Supp. 286, 291 (E.D. Pa. 1996).  Section 3621(b)

authorizes the Bureau "to designate the place of confinement for

purposes of serving federal sentences of imprisonment."  <u>Barden v.</u>

<u>Keohane</u>, 921 F.2d 476 (3d Cir. 1991).  "If the prisoner can be

lawfully held in the facility to which he has been transferred, he

cannot object to that transfer, even if the transfer results in

his being placed in a more restrictive or less accessible

facility".  <u>Ali v. Gibson</u>, 631 F.2d 1126, 1135 (3d Cir. 1980).

Although it appears Little has requested to be removed from USP-

Lewisburg, pursuant to the above discussion, it is clear that decisions regarding Little's designation are within the sound discretion of the Federal Bureau of Prisons.

Moreover, Little is unable to demonstrate that he will be irreparably harmed. Little makes vague assertions of possible assault by other inmates while housed at USP-Lewisburg. Thus, the plaintiff is concerned with preventing speculative injury at best and his motion for preliminary injunction relief will be denied.

Furthermore, the so-called "Motion Requesting All [of] Little's Exhibits" will be denied because Little has not given adequate details regarding what exhibits he is seeking and how they are related to the present action.

An appropriate order will be entered.