**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL L. LITTLE, et al.,** | : | |
| | : | |
| **Plaintiffs** | : | No. 1:14-CV-00953 |
| | : | |
| **vs.** | : | (Judge Kane) |
| | : | |
| **B. MOTTERN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

**Background**

Plaintiffs Michael R. Little and Kareem H. Milhouse, inmates confined at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"), filed the instant civil rights complaint pro se pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). Currently pending before the court is a motion entitled "Supplemental Motion for Emergency Preliminary Injunctive Relief" purportedly filed by Little but actually prepared and signed by Milhouse. Doc. 82. Milhouse on behalf of Little requests that "he and Milhouse [be] placed back into the same cell" and then requests "immediate transfer from USP-Lewisburg until the conclusion of this civil action." For the reasons set forth below, the motion will be denied.[1]

---

1. Although a brief in opposition was filed by Defendants and a reply brief by Milhouse, no brief in support was filed. In light of the filing of the reply brief we will not deem the motion withdrawn pursuant to Local Rule 7.5.

**Discussion**

Preliminary injunctive relief is extraordinary in nature, and is discretionary with the trial judge. Orson, Inc. v. Miramax Film Corp., 836 F. Supp. 309, 311 (E.D. Pa. 1993) (citing Skehan v. Board of Trustees of Bloomsburg State College, 353 F. Supp. 542 (M.D. Pa. 1973)). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the conduct complained; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992) (citing Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197-98 (3d Cir. 1990)); Instant Air Freight v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989); Premier Dental Prods. Co. v. Darby Dental Supply Co., 794 F.2d 850, 852 (3d Cir.), cert. denied, 479 U.S. 950 (1986). It is the moving party that bears the burden of demonstrating these factors. See Dorfman v. Moorhous, No. Civ. A. 93-6120, 1993 WL 483166 at *1 (E.D. Pa., Nov. 24, 1993).

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before

a decision on the merits can be rendered.  Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980); see Wright & Miller, Federal Practice and Procedure: Civil Sec. 2948 at 431 (1973).  The Third Circuit Court of Appeals has defined irreparable injury as "potential harm which cannot be redressed by a legal or equitable remedy following a trial." Instant Air Freight, 882 F.2d at 801.  A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm."  Id. The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued.  SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

Clearly, speculative injury does not constitute a showing of irreparable harm.  Continental, 614 F.2d at 359; see also Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st Cir. 1987).  "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."  Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)).

It is abundantly clear that plaintiff has not shown that he deserves preliminary injunctive relief according to the pertinent legal standards outlined above.  Initially, Little has not made a strong showing that he is likely to prevail on the merits.

It is well-settled that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983).  An inmate does not have a constitutional right to choose his place of confinement, security classification, any particular housing assignment or cellmate.  Id.; Montanye v. Haymes, 427 U.S. 236, 242 (1976) Moody v. Daggett, 429 U.S. 78, 88 (1976); Meachum v. Fano, 427 U.S. 215, 225 (1976); Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011);  Burger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir. 1995). In Murray, the Third Circuit in addressing whether the Ninth Amendment established "a right to choose one's cellmate" noted that "courts confronted with the question . . . have held that no such right exists." 650 F.3d at 247.

With respect to federal prisoners, the Bureau of Prisons has the power, pursuant to 18 U.S.C. § 3621(b), to "transfer a prisoner from one facility to another at any time." Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 n.3 (10th Cir. 1992), cert. denied, 510 U.S. 830, 114 S. Ct. 98 (1993); Cardenas v. Wigen, 921 F. Supp. 286, 291 (E.D. Pa. 1996).  Section 3621(b) authorizes the Bureau "to designate the place of confinement for

4

purposes of serving federal sentences of imprisonment."  Barden v.
Keohane, 921 F.2d 476 (3d Cir. 1991).  "If the prisoner can be
lawfully held in the facility to which he has been transferred, he
cannot object to that transfer, even if the transfer results in
his being placed in a more restrictive or less accessible
facility".  Ali v. Gibson, 631 F.2d 1126, 1135 (3d Cir. 1980).  It
is clear that decision's regarding Little's designation are within
the sound discretion of the BOP.  Since Little does not enjoy a
constitutional right to be housed in a particular correctional
facility, the denial of his request to be transferred to another
prison or have a particular cellmate does not assert a cognizable
claim.

In sum, a prisoner does not have a protected liberty
interest in matters of classification or particular custody
status, and none is provided by federal law.  Hewitt v. Helms, 459
U.S. 460 (1983); Montanye, 427 U.S. at 242; Stephany v. Wagner,
835 F.2d 497 (3d Cir. 1987).  An inquiry by this Court into
matters of prison administration, such as classification or
custody status, would necessarily interfere with the
administration's right to police its penal system.  These
administration determinations have consistently and correctly been
left to the prison management's sound discretion.  McNeil v.
Latney, 382 F. Supp. 161, 162 (E.D. Va. 1974); Pope v. Williams,
426 F. Supp. 279 (E.D. Pa. 1971).  Thus, "as long as the
conditions or degree of confinement to which the prisoner is

subjected is within the sentence imposed upon him and is not otherwise violative of the constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."  <u>Montanye</u>, 427 U.S. at 242.

Defendants in opposing the motion have argued that "Milhouse is not Little's lawyer, is not a lawyer at all, and he has no standing to seek relief for Little, or vice versa."  The court agrees that under the circumstances of this case, Milhouse has no standing to file a motion on behalf of Little.  Milhouse has not claimed "next friend" status and it is highly unlikely that even if he made such a claim, he would qualify for such status.[2]  Moreover, the court need not address this issue in light of the fact that there is no basis for injunctive relief as fully explained above.

---

2.  There are several well-recognized prerequisites to "next friend" status.  First, the proposed "next friend" must show that the real party in interest is not able to prosecute his own case due to a special disability, such as infancy or mental incapacity.  <u>Id</u>.; <u>Demosthenes v. Baal</u>, 495 U.S. 731, 734 (1990); <u>Gilmore v. Utah</u>, 429 U.S. 1012 (1976); <u>Hamilton v. Collins</u>, 905 F.2d 825 (5th Cir. 1990).  Secondly, the "next friend" must demonstrate that he is truly dedicated to the best interests of the person on whose behalf he seeks to litigate.  <u>Whitmore</u>, 495 U.S. at 163; <u>Lonchar v. Zant</u>, 978 F.2d 637, 641 (11th Cir. 1992).  Finally, the "next friend" must have some significant relationship to the real party in interest.  <u>Whitmore</u>, 495 U.S. at 163-64; <u>Wilson v. Lane</u>, 870 F.2d 1250, 1255 (7th Cir. 1989); <u>Davis v. Austin</u>, 492 F.Supp. 273, 275-76 (N.D.Ga. 1980).

Finally, to the extent that Milhouse is filing the motion on his own behalf, his motion is moot in light of this court's order of September 2, 2015, dismissing his claims.

An appropriate order will be entered.