UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL L. LITTLE, et al.,      :
                                :
        Plaintiffs              :      No. 1:14-CV-00953
                                :
    vs.                         :      (Judge Kane)
                                :
B. MOTTERN, et al.,             :
                                :
        Defendants              :

## MEMORANDUM

## Background

Plaintiffs Michael R. Little and Kareem H. Milhouse, inmates confined at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"), filed the instant civil rights complaint pro se pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).[1]  Milhouse was previously terminated as a party to this action.

Although Little is a pro se litigant and we are to construe pro se pleadings liberally, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), that fact does not excuse Little's failure to

_____

1.  Little also appears to raise a claim under the Federal Tort Claims Act.  The FTCA provides a remedy in damages for the simple negligence of employees of the United States to protect federal inmates.  <u>United States v. Muniz</u>, 374 U.S. 150, 150 (1963).  In presenting a FTCA claim, a plaintiff must show:  (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss.  <u>Mahler v. United States</u>, 196 F. Supp. 362, 364 (W.D. Pa. 1961), <u>aff'd</u> 306 F.2d 713 (3d Cir. 1962), <u>cert. denied</u>, 371 U.S. 923 (1962).

comply with the Local Rules of Court. It is one thing to construe a document liberally. However, excusing non-compliance with rules adopted by the Court is quite different and not justified. Little was advised by a Standing Practice Order issued on May 19, 2014, of his obligations under the Local Rules. That order specifically advised Little that he "should consult the actual rules for a complete description of their requirements."

On October 29, 2015, Little filed nine documents with the court. This memorandum addresses 7 of those documents. The first one that we will consider is a handwritten,[2] single spaced, very small script, 1-page document. Doc. 133. A review of the document reveals that it is a request for production of a document (an unspecified policy statement regarding when lights are to be turned off in prison cells) and a surveillance tape. Little commences the document by stating: "Brief In Support Supplemental Discovery Motion." Also, on October 29, 2015, Little filed a document which purports to be a request for admissions. Doc. 136. Little commences the document by stating: "Pltff. Little Brief In Support Motion Local Rule 36.1 Admissions."

Local Rule 5.4 entitled "Service and Filing of Discovery Material" provides in pertinent part as follows: "Interrogatories, requests for disclosures, requests for documents, requests for admissions and answers and responses thereto shall be served upon

---

2. The handwriting appears to be that of Milhouse and not Little. Compare Doc. 57, at 5 through 10 with Doc. 132.

other counsel and parties but shall not be filed with the court
except as authorized by a provision of the Federal Rules of Civil
Procedure or upon order of the court." M.D.Pa. LR 5.4.  Also,
Local Rule 5.1 provides that the text of all documents filed with
the court must be double-spaced, except quotations of more than
two lines long and footnotes. M.D.Pa. LR 5.1.  Little's documents
are not in compliance with Local Rules 5.1 and 5.4.

To the extent that Little's filings could be construed
as attempts to compel discovery, the filings suffer from several
defects. First, both are captioned as briefs and separate motions
to compel discovery relating to the so-called briefs are not
pending before the court.  Local Rule 5.1(h) provides that "[e]ach
motion and each brief shall be a separate document." Second,
Little does not specify when he sent the requests for the
production of the document and surveillance tape and for
admissions to defendants' counsel and he does not attach a copy of
those requests to separately filed motions to compel discovery as
exhibits.  Consequently, the above referenced documents filed on
October 29, 2015 (Doc. 133 and 136), will be stricken from the
record.

Little has also filed what purports to be a motion for
change of venue and a brief in support thereof (Docs. 134 & 139).[3]

_____

3.  This brief also appears to be in support of several motions
which were already deemed withdrawn by the court for failure to
file supporting briefs. Doc. 119.  The court will not reconsider
those motions which have been deemed withdrawn.  Little if he
(continued...)

This action was filed on May 19, 2014. The majority of the defendants in this action reside in the Middle District of Pennsylvania. Upon review of the third amended complaint and 28 U.S.C. §§ 1391 and 1402(b),[4] it is clear that venue is proper in the Middle District of Pennsylvania and Little's motion to transfer the case to a district court in Kentucky will be denied.

The next document filed by Little on October 29th also purports to be a brief: "Ptff. Little Brief in Support of Motion to Unseal Government Motion to Seal Documents[.]" Doc. 135. No separate motion was filed by Little.

Little also on October 29th filed a document entitled "Brief in Support below motion Motion to Reconsider Doc. 86/Fed.R.Civ.P 26(A); (BX1) 26 Discovery Motion[.]" Doc. 138.

---

3.  (...continued)
desires to refile the motions will have to do so in accordance with the Local Rules of Court. Local Rule 5.1(h) provides that each motion and each brief must be a separate document. The only time more than one motion can be raised in the same document is when the relief requested is in the alternative. The motions mentioned in the brief do not involve such relief.

4.  Section 1391(b) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Section 1402 (b) provides that "[a]ny civil action on a tort claim against the United States. . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."

Again no separate motion was filed. Furthermore, Doc. 86 was a
motion which was deemed withdrawn for failure to file a supporting
brief.

Finally, Little has filed a document entitled "Motion
to Reconsider Doc. 46/Motion to Add Deft(s) state claims on John
Doe 1-10." Doc. 137. First, this case has been pending for over
17 months and Little has never identified the "John Doe"
defendants and the third amended complaint does not list any "John
Doe" defendants.[5] Second, Little was already granted two
opportunities to amended the original complaint. Third, the third
amended complaint relates to an incident that occurred on May 8,
2014. The claims against the additional defendants set forth in
Doc. 46, many of whom are not named in the third amended
complaint, relate to incidents that occurred in July, August,
September and October, 2014. At this late date, it would be
inequitable in light of the pending motion to dismiss the third
amended complaint to permit Little to file a fourth amended
complaint addressing incidents that occurred well after the
incident raised in the third amended complaint. Furthermore,
Little will not be prejudiced by denying him leave to file a
fourth amended complaint or supplemental pleading because he still

---

5. It is well-settled that the use of John/Jane Doe defendants
absent compelling reasons will not suffice and the district court
may dismiss such defendants if plaintiff, after being granted a
reasonable period of discovery, fails to identify the defendants.
Sheetz v. Morning Call, 130 F.R.D. 34 (E.D. Pa. 1990).

has the opportunity to file separate actions relating to the incidents which occurred during July through October, 2014.

An appropriate order will be entered.