UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL L. LITTLE, et al.,      :
                                :
          Plaintiffs            :      No. 1:14-CV-00953
                                :
     vs.                        :      (Judge Kane)
                                :
B. MOTTERN, et al.,             :
                                :
          Defendants            :

## MEMORANDUM

## Background

          Plaintiffs Michael R. Little and Kareem H. Milhouse,
inmates confined at the United States Penitentiary at Lewisburg,
Pennsylvania ("USP-Lewisburg"), filed the instant civil rights
complaint pro se pursuant to 28 U.S.C. § 1331 and Bivens v. Six
Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388
(1971).  Milhouse was previously terminated as a party to this
action.   On October 29, 2015, Little filed a handwritten, single
spaced, very small script, 6-page document.  Doc. 132.  A review
of the document reveals that it is a set of 25 plus
interrogatories addressed to several of the defendants.[1]

_____

1.  Little commences the document by stating as follows: "Pltff.
Little Brief in Support of 2nd Set of Interrogatories for
Deft(s). 'Not' 1st set Interrogatories submitted to Attorney
Butler/Judge Kane (   ) not answered. In accordance with
Fed.R.Civ.P. 33 Pltff. Little requests Defts/Prison Officials . .
. Answer the following interrogatories under oath . . . ."  Rule
33 is the one dealing with the submission of interrogatories to
parties.

Local Rule 5.4 entitled "Service and Filing of Discovery Material" provides in pertinent part as follows: " Interrogatories, requests for disclosures, requests for documents, requests for admissions and answers and responses thereto shall be served upon other counsel and parties but shall not be filed with the court except as authorized by a provision of the Federal Rules of Civil Procedure or upon order of the court." M.D.Pa. LR 5.4. Also, Local Rule 33.1 provides in relevant part that "interrogatories shall be prepared in such fashion that sufficient space is provided immediately after each interrogatory or subsection thereof for insertion of the answer or objection and supporting reason for the objection." Finally, Local Rule 5.1 provides that the text of all documents filed with the court must be double-spaced, except quotations of more than two lines long and footnotes. M.D.Pa. LR 5.1. Little's document is not in compliance with Local Rules 5.1, 5.4 and 33.1.

To the extent that Little's filing could be construed as an attempt to compel discovery, the filing suffers from several defects. First, it is captioned a brief and a separate motion to compel discovery has not been filed. Local Rule 5.1(h) provides that "[e]ach motion and each brief shall be a separate document." Second, Little does not specify when he sent the first set of interrogatories to the defendants' counsel and he does not attach the a copy of those interrogatories to a separately filed motion to compel as an exhibit.

Although Little is a pro se litigant that fact does not excuse Little's failure to comply with the Local Rules of Court. Little was advised by a Standing Practice Order issued on May 19, 2014, of his obligations under the Local Rules. That order specifically advised Little that he "should consult the actual rules for a complete description of their requirements." Consequently, the document filed on October 29, 2015 (Doc. 132), will be stricken from the record.

An appropriate order will be entered.