**UNITED STATES DISTRICT COURT**
**FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL L. LITTLE, et al.,** | : | |
| Plaintiffs | : | No. 1:14-CV-00953 |
| vs. | : | (Judge Kane) |
| **B. MOTTERN, et al.,** | : | |
| Defendants | : | |

## ORDER

**AND NOW,** on this 7th day of March 2017, in accordance with the accompanying memorandum, **IT IS ORDERED THAT:**

1. Defendants' motions to dismiss and/or for summary judgment (Doc. Nos. 174, 175), are **GRANTED** as set forth below;

2. Little's claims against Defendants Holland, Hubbard and Middleton are **DISMISSED** for lack of personal jurisdiction;

3. The claims of Little and Milhouse against Defendants Thomas, Butler, Heath, Entzel and Taggart are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) without further leave to file a fourth amended complaint;

4. The claims of Little and Milhouse against the United States under the FTCA are **DISMISSED** for failure to exhaust their administrative tort remedies;

5. The claims of Little and Milhouse against Mottern, Boussag, Loyek, Eck, Dowkus and Diltz under Bivens are

**DISMISSED** for failure to exhaust their administrative remedies;

6. The claims against the Federal Bureau of Prison are **DISMISSED** for failure to state a claim upon which relief may be granted under Rule 12(b)(6);

7. Little's motion for summary judgment (Doc. No. 165), is **DENIED**;

8. Milhouse's motion for summary judgment (Doc. No. 189), is **DENIED**;

9. Milhouse's so-called motion to proceed as a "John Doe" and his motion for a copy of Defendants' motion for summary judgment (Doc. Nos. 202, 206), are **DENIED**;[1] and

10. The Clerk of Court shall **CLOSE** this case and terminate any other motions pending on the docket.

                                  s/ Yvette Kane
                                  Yvette Kane, District Judge
                                  United States District Court
                                  Middle District of Pennsylvania

---

1. In filing the so-called motion to proceed as a "John Doe," Milhouse is attempting to seal his identity so that when other inmates perform legal research they will not be made aware of it. Milhouse did not seek "John Doe" status at the time the case was filed and the docket of this case has been open to the public since 2014. The court concludes it would be improper to redact Milhouse's name from the docket by substituting "John Doe" at this time. With respect to Milhouse's motion for a copy of Defendants' motions for summary judgment and exhibits Milhouse claims they "mysteriously disappeared after a random shakedown conducted [on} October 9, 2016," which was well after the motion became ripe for disposition.