**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL R. LITTLE, et al.,** | : | |
| **Plaintiffs** | : | **No. 1:14-CV-00953** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **B. MOTTERN, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

## I.     BACKGROUND

Pending before the court is a motion for reconsideration filed by Plaintiff Kareem H. Milhouse.  Milhouse filed a brief in support of the motion on March 27, 2007.  Defendants field a brief in opposition on April 6, 2017.  The motion became ripe for disposition on April 24, 2017, when Milhouse filed a reply brief.  The motion for reconsideration only relates to this Court's Memorandum and separate Order issued on March 7, 2017, granting Defendants' motion for summary judgment as to five Defendants named in the operative third amended complaint as a result of Milhouse's failure to exhaust his administrative remedies.  For the reasons set forth below, the motion for reconsideration filed by Milhouse will be denied.

## II.     DISCUSSION

A motion for reconsideration is a device of limited utility.  It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision.  Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance

Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Cas. Co. v. Diversified Indus. Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995).

On May 19, 2014, Plaintiffs Michael R. Little and Kareem H. Milhouse, inmates confined at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg"), filed a civil rights action pro se pursuant to 28 U.S.C. § 1331, the Federal Tort Claims Act ("FTCA"), and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).  A third amended complaint was filed by Little and Milhouse on September 2, 2014, raising claims under Bivens and the FTCA. (Doc. No. 35.)  The third amended complaint focuses on three groups of defendants. (Id.)   As stated above, the motion for reconsideration relates to one group comprised of five defendants.  Those five defendants are as follows: (1) Hamsa Boussag, Correctional Officer; (2) Jerald Loyek, Correctional Officer; (3) James Eck, Correctional Officer; (4) Daniel Dowkus, Lieutenant; and (5) James Diltz, Correctional Counselor.

In the motion for reconsideration, Milhouse challenges the Court's entry of summary judgment in favor of those five defendants on the grounds that Milhouse failed to exhaust his administrative remedies.  He contends that the Court should not have granted summary judgment in favor of those defendants without first allowing him to engage in discovery.  He further claims

that the Court did not address an outstanding motion he filed under Federal Rule of Civil

Procedure 56(d).  Rule 56(d) provides as follows:

> (d) **When Facts are Unavailable to the Nonmovant**.  If a movant shows by
>
> affidavit or declaration that, for specified reasons, it cannot present facts essential to
>
> justify it opposition, the court may:
>
>> (1) defer considering the motion or deny it;
>>
>> (2) allow time to obtain affidavits or declarations or to take discovery; or
>>
>> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  Although the Court did not specifically address the merits of Milhouse's

Rule 56(d) motion in its Memorandum of March 7, 2017, the Court did deny the motion in the

Order of the same date. (Doc. No. 221.)  Nevertheless, Milhouse has not met the standard for

reconsideration of the Memorandum and Order of March 7, 2017.

The United States Court of Appeals for the Third Circuit has held that in order to obtain

relief under Rule 56(d) (formerly Rule 56(f)), a party must file a motion and an affidavit that

specifies the information sought, how the information would preclude summary judgment, and

why the information had not previously been obtained through discovery. Doe v. Abington

Friends School, 480 F.3d 252, 255 n.3 (3d Cir. 2007); Dowling v. City of Phila., 855 F.2d 136,

139-140 (3d Cir. 1988).  In the present case, Milhouse failed to file an affidavit in accordance

with Rule 56(d).  Accordingly, the Court's denial of the Rule 56(d) motion was not in error and

did not result in manifest injustice.[1]

_____

1.    Milhouse in his Rule 56(d) motion sought: (1) copies of all "special/legal" mail sent between
May 8, 2014 through December 2014 to Regional Offices, Central Office, Office of Internal
Affairs, Office of Inspector General and any other non-court outgoing/incoming special/legal
mail; (2) all copouts sent to G-block unit team and D-Block unit team between May 8, 2014
through date; (3) copies of all copouts sent anywhere in the institution of USP Lewisburg; and (4)
copies of inmate account from April 28, 2014 through November 2014. (Doc. No. 190. Br. in
Supp. of Rule 56(d) Mot.). Milhouse did not explain how those documents would support his
(continued...)

**III.    CONCLUSION**

Thus, the Court finds that Milhouse has failed to meet his burden of demonstrating that the Court's Memorandum and Order of March 7, 2017, exhibited manifest errors of law or fact. Moreover, Milhouse has not presented any new evidence, which if previously presented, might have affected the Court's ultimate decision. Consequently, the motion for reconsideration will be denied.

An appropriate Order follows.

---

(...continued)
claim that administrative remedies were unavailable to him. (Id. at 2.) Furthermore, he did not explain why he did not maintain, for his personal file, copies of the documents he mailed or submitted to prison personnel. Also, the so-called "copouts" are informal requests to staff and not part of the formal administrative remedy process. See 28 U.S.C. §§ 542.13-542.15.