IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL R. LITTLE, et al., | : | |
| Plaintiffs | : | |
| | : | No. 1:14-cv-00953 |
| v. | : | |
| | : | (Judge Kane) |
| B. MOTTERN, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

Before the Court is Plaintiff Kareem Hassan Milhouse's ("Milhouse"), motion pursuant to Federal Rule of Civil Procedure 60(b)(1), (2), (3) and (6) (Doc. No. 231), and Motion pursuant to Rule 60(b)(6) (Doc. No. 234). Defendants filed a brief in opposition to Milhouse's Rule 60(b) motion. (Doc. No. 233.) For the reasons set forth below, the motions will be denied.

**I.       BACKGROUND**

Plaintiffs Michael R. Little and Milhouse filed this civil rights action on May 19, 2014 pursuant to 28 U.S.C. § 1331, the Federal Tort Claims ACT ("FTCA"), and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. No. 1.) The case proceeded under a third amended complaint (Doc. No. 35), and on March 7, 2017, by Memorandum and Order, the Court granted Defendants' motions to dismiss and/or for summary judgment and closed this case. (Doc. Nos. 220, 221.) The Court noted that Defendants' motions were granted in part due to Milhouse's failure to exhaust his administrative remedies. (Doc. No. 220.)

On March 27, 2017, Milhouse filed a motion for reconsideration, claiming that the Court did not rule on a Rule 56(d) motion filed by him prior to the Court granting summary judgment. (Doc. No. 222.) On May 22, 2017, by Memorandum and Order, the Court denied Milhouse's motion and referred him to this Court's March 7, 2017 Order which denied his Rule 56(d)

1

motion. (Doc. Nos. 227, 228.) On October 11, 2017, Milhouse has filed a second motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(1), (2), (3) and (6). (Doc. Nos. 231.) In this motion, Milhouse alleges that the Court has failed to address his Rule 56(d) motion and notes that while he attempted to exhaust his administrative remedies, he was "stonewalled by prison officials." (Doc. Nos. 231, 232.) Milhouse attaches two Inmate Request Forms ("copouts"), dated May 13 and 14, 2014, which he claims support his position that he exhausted the remedies that were available to him. (Doc. No. 232 at 2-4.)

On March 12, 2018, Milhouse filed an additional motion pursuant to Rule 60(b)(6), wherein he claims that it was error for the Court to grant him in forma pauperis status, and requests that the Court revoke his in forma pauperis status. (Doc. Nos. 234, 235.) The Court addresses each motion in turn.

## II. LEGAL STANDARD

Milhouse's motions are brought pursuant to several subsections of Rule 60(b), specifically subsections (1), (2), (3), and (6). The subsections of Rule 60(b) state in relevant part:

> (b) **Grounds for Relief from a Final Judgment, Order, or proceeding**. On motion and just terms, the court may relieve a party . . . from a final judgment, order or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud, (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> ***

> (6) any other reason that justifies relief.

A motion under Rule 60(b) must be made within a reasonable time and with respect to Rule 60(b)(1), (2), and (3), no more than a year after the entry of the order in question. Moreover, "[a] Rule 60(b) motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Weiming Chen v. Ying-Jeou Ma, 595 F. App'x 79, 80 (2d Cir. 2015) (internal quotations omitted); see Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1346 (3d Cir. 1987) (internal quotations omitted). Moreover, "[t]he grant or denial of a Rule 60(b)(6) motion is an equitable matter left, in the first instance, to the discretion of a district court." Cox v. Horn, 757 F.3d 113, 124 (3d Cir. 2014).

The Third Circuit, in addressing whether or not a Rule 60(b) motion should be granted, has stated that:

> Motions filed pursuant to Rule 60(b) are "directed to the discretion of the trial court, and its exercise of that discretion will not be disturbed unless there is a clear error and abuse of discretion." SEC v. Warren, 583 F.2d 115, 120 (3d Cir. 1978). Relief should only be made available if the claimant presents circumstances that overcome the "interest in the finality and repose of judgments." Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987) (citation omitted).

In re: Diet Drugs (Phentermine/Fenfluramine/Dextenfluramine) Product Liability Litig., 383 F. App'x 242, 246 (3d Cir. 2010).

## III. DISCUSSION

### A. Milhouse's October 11, 2017 Rule 60(b)(1), (2), (3) and (6) Motion

Milhouse argues that he is entitled to relief under Rule 60(b)(1) because this Court failed to address his Rule 56(d) motion. (Doc. No. 232.) Milhouse has previously raised this same argument via a Rule 60(b) motion (Doc. No. 222), which this Court previously addressed and denied on May 22, 2017 (Doc. Nos. 226, 227). The Court finds that Milhouse attempts to relitigate an issue already decided by this Court, something he is proscribed from doing under Rule 60(b). See Blystone, 664 F.3d at 415. Specifically, in addressing his previous motion, the Court provided that:

> Milhouse has not met the standard for reconsideration of the memorandum and order of March 7, 2017.
>
> The Court of Appeals for this circuit has held that in order to obtain relief under Rule 56(d)(formerly Rule 56(f)), a party must file a motion and an affidavit that specifies the information sought, how the information would preclude summary judgment, and why the information had not previously been obtained through discovery. Doe v. Abington Friends School, 480 F.3d 252, 255 n.3 (3d Cir. 2007); Dowling v. City of Philadelphia, 855 F.2d 136, 139-140 (3d Cir. 1988). In the present case Milhouse failed to file an affidavit in accordance with Rule 56(d). Consequently, the court's denial of the Rule 56(d) motion was not error and did not result in manifest injustice.
>
> Milhouse in his Rule 56(d) motion sought: (1) copies of all "special/legal" mail mailed between May 8, 2014 through December 2014 to Regional Offices, Central Office, Office of Internal Affairs, Office of Inspector General and any other non-court outgoing/incoming special/legal mail; (2) all copouts sent to G-block unit team and D-Block unit team between May 8, 2014 through date; (3) copies of all copouts sent anywhere in the institution of USP Lewisburg; and (4) copies of inmate account from April 28, 2014 through November 2014. (Doc. No. 190. Br. in Supp. of Rule 56(d) Mot.). Milhouse did not explain how those documents would support his claim that administrative remedies were unavailable to him. (Id. at 2.) Furthermore, he did not explain why he did not maintain, for his personal file, copies of the

> documents he mailed or submitted to prison personnel. Also, the so-called "copouts" are informal requests to staff and not part of the formal administrative remedy process. See 28 U.S.C. §§ 542.13-542.15.

(Doc. No. 227 at 3 and n.1.) Accordingly, because this Court has already addressed Milhouse's Rule 60(b)(1) argument in a previous Memorandum coupled with the Court's renewed finding that there is no extraordinary mistake, inadvertence, surprise, or excusable neglect, Milhouse is not entitled to relief under Rule 60(b)(1).

Milhouse also requests relief pursuant to Rule 60(b)(2), ostensibly based upon two documents attached to his brief, which he asserts support his contention that the prison staff "stonewalled" his attempts to exhaust his administrative remedies. (Doc. No. 232.) Both documents appear to be copouts. (Id.) It appears that Milhouse argues that these two copouts constitute "new evidence." Milhouse is mistaken. "'[N]ew evidence,' for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." Blystone, 665 F.3d at 415-16. "Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." Id. (citations omitted).

Here, Milhouse fails to articulate any argument as to how these two documents constitute newly discovered evidence. Rather, as Defendants underscore, Milhouse had these documents in his possession the day he filed his complaint. (Doc. No. 233.) Specifically, these two documents are dated May 13, 2014, and May 14, 2014 (Doc. No. 233 at 3-4), and Milhouse's complaint was filed May 19, 2014 with a postmark date of May 15, 2014. (Doc. No. 1.) Rather than support Milhouse's argument, these documents further support Defendants' argument that Milhouse prematurely filed the complaint without first exhausting his administrative remedy.

5

(Doc. No. 233.) Accordingly, because these two documents do not constitute newly discovered evidence, they cannot provide the basis for a successful motion for reconsideration.

Finally, Milhouse advances no further argument that supports his motion under Rule 60(b)(3) or (6), and the Court finds no evidence supporting fraud, misconduct, or any exceptional or extraordinary circumstances that entitle Milhouse to the relief he requests. Indeed, his supporting brief is silent as to any argument under either subsection. (Doc. No. 232.) Accordingly, the Court will deny Milhouse's motion pursuant to Rule 60(b)(1), (2), (3) and (6) (Doc. No. 231).

### B. Milhouse's March 12, 2018 Rule 60(b)(6) Motion

Milhouse's March 12, 2018 Rule 60(b)(6) motion seeks revocation of his in forma pauperis status. (Doc. No. 234.) By the Court's reading of this motion, Milhouse asserts that the Court erred in granting him in forma pauperis status in this case, serving the complaint, and ultimately adjudicating his claims through summary judgment. (Doc. No. 235.) However, the Court can discern no error on its part in proceeding in this manner. Moreover, in his Rule 60(b)(6) motion, Milhouse makes no argument that this Court abused its discretion or otherwise erred by proceeding as it did. As a result, the Court will deny Milhouse's March 12, 2018 Rule 60(b)(6) motion (Doc. No. 234).

### IV. CONCLUSION

For the foregoing reasons, Milhouse's motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(1), (2), (3) and (6) (Doc. No. 231), and motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. No. 234), will be denied. An appropriate Order follows.